﻿Citation Nr: AXXXXXXXX
Decision Date: 09/26/19 Archive Date: 09/26/19

DOCKET NO. 180424-322
DATE: September 26, 2019

ORDER

The claim of service connection for hallux valgus, right foot to include as a result of a service-connected disability is denied.

The claim of service connection for hallux valgus, left foot to include as a result of a service-connected disability is denied.

The claim for a compensable rating for tinea pedis with onychomycosis (claimed as bilateral foot condition/jungle rot) is denied.

FINDINGS OF FACT

1. The evidence of record is insufficient to make it at least as likely as not (50 percent or greater) that the Veteran’s bilateral hallux valgus disabilities are proximately due to/made worse by his service-connected tinea pedis with onychomycosis.

2. The Veteran’s bilateral foot condition is not manifested by a skin condition that covers at least five percent of the entire body; or at least five percent of exposed areas affected; nor has treatment of his tinea pedis required the use of intermittent systemic therapy such as corticosteroids or other immunosuppressive drugs for a total duration of less than six weeks during a 12-month period on appeal.

CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hallux valgus disabilities are not met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for a compensable disability rating for service-connected tinea pedis with onychomycosis (claimed as bilateral foot condition/jungle rot) have not been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 4.1-4.14, 4.118, Diagnostic Code 7806.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from July 1965 to July 1969. 

The Board notes that the rating decision on appeal was issued in February 2013. In January 2018, the Veteran elected the modernized review system, known as the Appeals Modernization Act (AMA). 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

The Veteran selected the Higher-Level Review (HLR) lane when he opted in to the AMA review system by submitting a January 30, 2018 Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the April 2018 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested a hearing with review of the evidence considered by the Agency of Original Jurisdiction (AOJ) and new evidence submission allowed 90 days after the hearing. The Veteran and his spouse testified at a Board hearing before the undersigned Veterans’ Law Judge in April 2019. A transcript of that hearing is of record.

SERVICE CONNECTION

Generally, to establish service connection, a claimant must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called “nexus” requirement. See 38 U.S.C. § 1110, 38 C.F.R. § 3.303; see also Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). A disability that is proximately due to, the result of, or aggravated/made worse by a service-connected disease or injury shall be service connected. 38 C.F.R. § 3.310. Here, the Veteran is currently service connected for one disability, tinea pedis with onychomycosis (claimed as a bilateral foot condition/jungle rot).

1. Entitlement for service connection for hallux valgus, right and left foot. 

The Veteran testified that he developed cellulitis in service which led to tinea pedis with onychomycosis (which is now service connected), and which he believes ultimately caused him to develop a hallux valgus deformity in both feet. He specifically contends his service-connected tinea pedis causes pain, swelling, and foot infections that have impacted the structure of his feet, toes and toenails, which then led to his claimed bilateral hallux valgus disability. See April 2019 hearing transcript.

The AOJ found that the Veteran has a current diagnosis of bilateral hallux valgus. The question in this case is whether the Veteran’s bilateral hallux valgus condition is proximately due to, the result of, or aggravated/made worse by his service or a service-connected disability. 

As an initial point, there is no showing of hallux valgus on either foot during service, or for many years thereafter. Additionally, the Veteran has not been shown to have the medical training or expertise to render an opinion as to the etiology of his hallux valgus. To this end, as was explained at the Veteran’s Board hearing, his claim needs a nexus opinion from a medical professional explaining why it is at least as likely as not (50 percent or greater) that his hallux valgus was either the result of his cellulitis in service, or was caused or aggravated (made worse) by his service connected tinea pedis with onychomycosis.

To his credit, the Veteran did obtain a medical opinion in May 2019. However, ultimately this statement lacks any meaningful rationale, and therefore is insufficient at this time to support the grant of service connection.

The physician’s assistant opined that the Veteran’s hallux valgus most likely was caused by or a result of the Veteran’s service connected disabilities. As stated above, the Veteran is only service connected for bilateral tinea pedis with onychomycosis disabilities. 

However, in explaining why this was so, the medical professional wrote “I believe that [the Veteran’s] chronic foot infections may be related to his prior history of tropical ulcer. His chronic foot pain is likely related to his bilateral hallux valgus.”

To break this down, this statement is couched in language of “may” which is considered the same as “may not” and is felt too equivocal to support service connection. See Obert v. Brown, 5 Vet. App. 30, 33 (1993).

Second, the rationale is that the Veteran’s foot pain is related to his hallux valgus. Yet, hallux valgus is the condition that the Veteran’s is attempting to service connect. The issue here is whether hallux valgus was either caused by service or caused or aggravated by his tinea pedis. It is not whether hallux valgus caused or aggravated the tinea pedis.

In short, the evidence is insufficient to establish that the Veteran’s bilateral hallux valgus foot disabilities was a result of or made worse by his service-connected chronic bilateral tinea pedis, or was otherwise the result of his service. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. Accordingly, the appeal is denied. 

The Board notes that the Veteran is welcome to file a supplemental claim with a clearer medical opinion of record.

INCREASED RATING

2. A compensable disability rating for service-connected tinea pedis with onychomycosis from November 3, 2011 (date claim was received) to January 30, 2018 (date of HLR RAMP election form).

The Veteran testified that he should be assigned a higher rating for his tinea pedis (athlete foot) with onychomycosis disability and claimed that this condition is more severe than the VA has him rated. In addition, the Veteran has asserted that the VA did not consider all of his foot conditions at the time he was rated. The Veteran specifically noted that his bouts of cellulitis during service were not considered. Of note, the January 2013 examiner addressed the Veteran’s diagnosis of cellulitis in his foot in 1968. The examiner determined the foot skin condition resolved in service. Moreover, the Veteran testified at the Board hearing that he did not have a current cellulitis disability. See April 2019 Board hearing transcript.

The AOJ granted service connection for the Veteran’s tinea pedis with onychomycosis, effective November 3, 2011 (date claim received), and assigned an initial noncompensable rating based on: Less than 5 percent of the entire body being affected by the condition under Diagnostic Code 7806.

The Veteran’s tinea pedis with onychomycosis (claimed as bilateral foot condition/jungle rot) is rated under Diagnostic Code 7806, which rates skin disorders associated with dermatitis or eczema. 

Under DC 7806, a noncompensable rating is warranted where less than 5 percent of the entire body or less than 5 percent of the exposed areas affected, and; no more than topical therapy required during any 12-month period. A 10 percent rating when at least 5 percent, but less than 20 percent, of the entire body or at least 5 percent, but less than 20 percent, of exposed areas are affected; or, when intermittent systemic treatment such as corticosteroids or other immunosuppressive drugs is required for a total duration of less than 6 weeks during a 12-month period. A 30 percent rating is warranted when 20 to 40 percent of the entire body or 20 to 40 percent of exposed areas are affected; or, when systemic treatment such as corticosteroids or other immunosuppressive drugs is required for a total duration of 6 weeks or more, but not constantly, during a 12-month period. A 60 percent rating is warranted when more than 40 percent of the entire body or more than 40 percent of exposed areas are affected; or, when constant or near-constant systemic treatment such as corticosteroids or other immunosuppressive drugs is required during a 12-month period. 38 C.F.R. § 4.118, Diagnostic Code 7806. 

Here, the consideration for an increased compensable rating under DC 7806 is addressed as follows: 1) whether the Veteran’s tinea pedis with onychomycosis covers at least 5 percent of either the entire body or the exposed areas of the body; or, 2) whether intermittent systemic therapy such as corticosteroids or other immunosuppressive drugs was required for a total duration of less than six weeks during a 12-month period.

The Board has carefully reviewed the evidence of record and finds that the weight of the evidence is against the award of a compensable rating for his tinea pedis with onychomycosis during the period on appeal. The first question addressed is the percent of the area of the body effected under DC 7806.

At the April 2019 Board hearing, the Veteran indicated that his bilateral tinea pedis with onychomycosis condition mostly effected his feet. Further, after the hearing, the Veteran submitted a photograph of his feet with a close up mostly of his toes, as the area subjected to his disability. He indicated that his bilateral foot condition increased in severity because the condition is chronic, painful and caused his feet to swell when he walked any distance. 

The January 2013 VA examination and evidence indicates that the Veteran’s tinea pedis with onychomycosis resulted in a bilateral foot disability that is less than 5 percent of the entire body affected. Neither the Veteran nor his representative contest this finding. As such, there is no indication that the Veteran treated areas other than his feet. The Board notes that treatment limited to particular surfaces, feet, does not amount to affecting the body as a whole. Accordingly, a compensable disability rating for the period on appeal under Diagnostic Code 7806 based upon the percentage of areas affected (feet) is not warranted.

Thus, a higher evaluation of 10 percent is not warranted for his bilateral foot disability pursuant to the percentage of the area affected under DC 7806. The evidence does not support: at least 5 percent of either the entire body or the exposed areas of the body affected.

The Board will next address whether the Veteran is entitled to a higher disability rating based upon the intermittent systemic therapy such as corticosteroids or other immunosuppressive drugs treatment for his bilateral foot condition.

At the time of the January 2013 VA examination, the examiner also noted that the Veteran did not use a topical cream. However, the Veteran testified that his treatment, included soaking his feet, brief treatment of antibiotics, over the counter medication and putting lots of cream on his feet. The Board finds that even if the Veteran’s contention outweighed the clinical findings made by the January 2013 examiner, it would not change the outcome. As discussed below, the testimony and evidence does not meet the criteria for systemic therapy corticosteroids or other immunosuppressive drugs for an increased rating under DC 7806. That is, evidence of systemic therapy has not been presented beyond some references to antibiotics.

On August 13, 2018, VA adopted new regulations for skin disorders. Under the new regulations, systemic therapy is treatment that is administered through any route other than the skin, and topical therapy is treatment that is administered through the skin. 83 Fed. Reg. 32,592 (July 13, 2018). The new regulations create a bright-line definition of topical and systemic treatment therapies. Prior to this change, the regulations did not define topical or systemic treatment, and the determination of whether a Veteran received topical or systemic treatment was based on the factual circumstances of each case. Johnson v. Shulkin, 862 F.3d 1351, 1354-56 (Fed. Cir. 2017). As the Veteran filed a claim for service connection prior to August 13, 2018, and his appeal for an increased rating was pending on August 13, 2018, the Board will consider both the new and old regulations and apply the most favorable. 

The Veteran testified that he briefly used oral medications to include antibiotics, over the counter medication and lots of cream on his bilateral feet during the appeal period. Of note, the January 2013 VA examination indicates that the Veteran did not demonstrate any systemic manifestations of a skin disease. The January 2013 VA examination report also indicates that the condition was not treated with oral or topical medications in the past 12 months. 

While the testimony shows that the Veteran regularly treated a bilateral foot condition, with topical and oral medications, as these treatments were administered directly onto the skin, and the antibiotics/over the counter medications orally. However, they do not meet the definition of systemic treatment such as corticosteroids or immunosuppressive drugs as defined by the old regulations or new regulations. Johnson v. Shulkin, 862 F.3d at 1351, 1354-56. Here the record fails to show that treatment of the Veteran’s feet has required corticosteroids or immunosuppressive drugs with an oral or topical application. Accordingly, a compensable disability rating under Diagnostic Code 7806 based upon treatment of the Veteran’s skin condition is not warranted at any time during the appeal period. 38 C.F.R. § 4.118.

Further, the Board has considered whether a higher rating may be assigned under another DC. DC 7800 provides for an alternative rating on the basis of disfigurement of the head, face, or neck. Diagnostic Codes 7801, 7802, 7803, 7804, or 7805, provide for scars that are considered disabling due to limitation of function of the affected part; or, painful or unstable scar(s). Theses DC’s are not applicable in this case because as noted by the medical history of the January 2013 examination, the Veteran’s disability affects his feet bilaterally, and the examination above did not find any scarring associated with the Veteran’s bilateral tinea pedis with onychomycosis foot condition.

In this case, the Board finds no DC’s upon which to assign the Veteran a compensable disability rating for his bilateral tinea pedis with onychomycosis condition. Accordingly, the weight of the evidence is against the claim and it is thereby denied.

 

 

MATTHEW W. BLACKWELDER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Franklin, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.